SENSENDERFER, *Appellant*, v. NEALE.

1.  **The Parol Evidence** tending to prove mistake on the part of the officers of the government in issuing a land patent, *Held* insufficient to overcome the record evidence submitted on the other side.
2.  **Evidence**: LAND SHARK.  It is error in an ejectment case to admit evidence that plaintiff is a "land shark."

*Appeal from Johnson Circuit Court.*—HON. F. P. WRIGHT, Judge.

*Snoddy & Short* and *H. B. Johnson* for appellant.

*C. E. Moorman* for respondent

HENRY, J.—This was a suit in ejectment for the recovery of the e ½ of the se qr. and the s w qr. of the s e qr. of section No. 5, township No. 44, of range 24, lying in Johnson county.  The plaintiff's title is a patent from the Government of the United States.  Defendant alleges that he located land warrant No. 33,530 upon the land in question, but by mistake of the officers of the land office, other lands than these were certified as entered by him, and for these other lands, instead of those in controversy, the government issued to him a patent.  The case, in many of its features, is similar to that of *Sensenderfer v. Smith*, (*ante* p. 80,) with this material difference, that by the act of Congress, under which defendant located said land warrant, he was required to make written application, specifying the land upon which he wished to lay his warrant.  A copy of his original application was introduced as evidence, and was as follows:  "I, Thomas Neale, of Benton county, State of Missouri, hereby locate e ½ and s w qr. of n e qr. of section 5, and n e qr. of the n e qr. of section No. 8, in township 44 of range 24, in the district of lands subject to sale at the land office at Clinton, Mo., containing 160 acres in satisfaction of the attached warrant numbered 33530. Witness my hand this 16th day of December, A. D. 1848

THOMAS NEALE.

Attest:   W. WATSON, Register; DAN'L. ASHLY, Receiver.

Defendant objected to the introduction of this copy, upon what ground, does not appear.   It is certified to be a copy of the original then on file in his office, by Willis Drummond, commissioner of the general land office.   To which was appended the following certificate:

LAND OFFICE, CLINTON, Mo., December 16th, 1848.

We hereby certify that the above location is correct, being in accordance with law and instructions.

DAN'L. ASHLY, Receiver.
W. WATSON, Register.

There was also appended the affidavit of defendant, stating "that there was not, at that time, an actual settlement and cultivation on any part of said land, and that there was no person or persons residing upon it."   The patent issued to him by the government for the lands located with warrant No. 33530, was for the lands specified in defendant's application.   When plaintiff entered the lands in question, there was nothing on the records of the land office showing that they had been entered.   Neale, the defendant, testified that the land in question, was not enclosed or adjoining any of his enclosed land.   He paid taxes on it, but never had actual possession of it.   He further testified that the duplicate he received, corresponded with his application.   The parol evidence tended to show that Neale had located his warrant upon the land in controversy, but it is not strong enough, nor can we conceive of parol evidence that would be sufficient to overcome the record evidence, and the defendant's own written application and affidavit to locate his warrant upon the very land for which the patent was issued to him.

The court admitted evidence to show that plaintiff was a "land shark," but that was wholly irrelevant and incompetent.   The lands of the government are for sale to any one who wishes to purchase, and millions of acres of the

public domain have been entered by speculators.   The land, as far as the records of the land office showed, were vacant, and whether a "land shark" or not, plaintiff had the same legal right to enter them for speculation as if he had entered them to settle upon and improve them.   The judgment is reversed and the cause remanded, to be proceeded with in conformity to this opinion.   All concur.

REVERSED.